(No. 3938— 

WILLIAM C. LANGE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1947.*

LEONARD W. STEARNS, for claimant.

GEORGE F. BARRETT, Attorney General, WM. L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, C. J.

On November 24, 1944, claimant, William C. Lange, while employed by the respondent as one of a group of four men assigned to pavement crack-filling operations on S.B.I. Route 4A in the vicinity of Austin Boulevard in the City of Chicago, lost his footing and fell from the running board of a truck. The right rear wheel of the truck passed over claimant's left leg, fracturing and exposing the bones just above the ankle.

Claimant was immediately taken by ambulance to the Holy Cross Hospital, where it was found that no beds were available. The hospital rendered first aid, and called Mr. Lange's wife, who in turn called their family physician, Dr. E. Odean Bourque. In accordance with Dr. Bourque's instruction, claimant was then transferred to the Mother Cabrini Memorial Hospital.

Claimant remained under the care of Dr. Bourque, who was assisted in his treatment by Dr. S. Mirabella and Dr. E. J. Berkheiser, until October 4, 1945, when Dr. Bourque advised claimant to return to work. While in

the Mother Cabrini Memorial Hospital, claimant occupied a private room, and had private nursing services, furnished at the request of the respondent.

At the time of the injury the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of claimant's employment.

At the time of the injury, claimant had no children under sixteen years of age dependent upon him for support. He was first employed by the respondent at a wage rate of sixty-five cents an hour on October 3, 1944; he worked eight hours per day, 5½ days per week. Employees engaged in the same capacity as Mr. Lange worked regularly throughout the year and earned an average weekly wage of $29.34. Claimant's compensation rate is therefore $17.24 per week. No claim is made for temporary total disability, the respondent having paid claimant at the rate of $17.24 a week, for the period of November 23, 1944, to October 3, 1945, inclusive, being a total amount of $770.87.

Respondent also paid on behalf of claimant the following medical and hospital services:

| | |
|---|---:|
| Dr. N. Odean Bourque, Chicago | $1,091.00 |
| Dr. H. B. Thomas, Chicago | 15.00 |
| Mother Cabrini Memorial Hospital, Chicago | 389.05 |
| William C. Lange (expenses), Chicago | 139.37 |

$1,634.42

Claim is made, however, for special nursing services in the amount of $73.50, and for hospital services in the amount of $189.00 paid by claimant, and for which he should be reimbursed.

Claim is also made for permanent partial loss of use

of claimant's left leg. Claimant, testifying in his own behalf, stated that the leg will not bear the same weight it was able to bear prior to the injury; that since the injury, he is not able to be on his feet for more than an hour at a time; that his left foot is so swollen that his left shoe is two sizes larger than the shoe worn on his right foot.

From this testimony, and from the report of the Division of Highways, which forms a part of the record in the case, it appears that claimant has suffered a one-third loss of use of his left leg. Under the provisions of the Workmen's Compensation Act of this State, he is, therefore, entitled to an award computed on the basis of $17.24 per week for 63-1/3 weeks, or $1,091.87; plus the sum of $41.30 payable to A. M. Rothbart and Associates for reporting the testimony at the hearings before Commissioner East; and plus the sum of $262.50 reimbursement for hospital and nursing services.

An award is therefore entered in favor of A. M. Rothbart and Associates in the amount of $41.30, which is payable forthwith, and an award is entered in favor of the claimant in the amount of $1,354.37 which has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."